**DR. ING. H. C. F. PORSCHE AG, Plaintiff,**

v.

**CLASSIC MOTOR CARRIAGES, INC., a Florida corporation, Defendant.**

**No. 81–2022.**

United States District Court, S. D. Florida.

Jan. 13, 1982.

William Dunaj, Felice Schonfeld, Miami, Fla., for plaintiff.

Edward S. Kaplan, Miami, Fla., for defendant.

## ORDER OF JUDGMENT BY DEFAULT

JAMES LAWRENCE KING, District Judge.

This cause came before the Court upon a review of the record in the above-styled cause. Of significant concern to this Court is the lack of activity by the litigants as reflected in the record. The judicial system in this country opens its doors for those seeking justice and in need of our court system to accomplish this end. In civil matters, the plaintiff is expected to be prepared to vigorously prosecute its cause when the complaint is filed and served. The defendant, in turn, is required to zealously present its defense. If either, or both, of the parties, or their respective counsel, fail to solemnly and sincerely assume these practices, the entire judicial system is unnecessarily burdened at an incalculable expense to everyone directly and indirectly involved. This intolerable burden is of grave concern to this Court and this Court therefore assumes an active role in deterring and arresting such conduct.

The procedural history of the instant case developed as follows: Plaintiff filed a four count complaint alleging trademark infringement suit on September 15, 1981. Plaintiff is a German corporation that sells motor vehicle parts and accessories collectively referred to as "Porsche Products." In the sale of these products plaintiff has adopted and used certain trademarks and service marks. The complaint alleges that defendant, a Florida corporation, is using imitations of plaintiff's registered trademarks in connection with the sale of the Porsche replica automobiles. The complaint sought a preliminary and permanent injunction and damages.

Along with the complaint, plaintiff filed a motion for a preliminary injunction as-

serting that this was an emergency matter requiring expeditious relief. This Court entered an Order on September 18, 1981 denying plaintiff's application for a preliminary injunction hearing on the grounds that the pleadings did not reveal that this cause involved an emergency requiring a deviation from the traditional methods of trying a lawsuit. Ordering that the case proceed in the normal processes outlined by the Federal Rules of Civil Procedure, the Court noted that civil cases in the division of the undersigned judge were being scheduled for trial sixty to seventy five days after they are at issue, and thus if the plaintiff proceeded promptly in serving defendant and conducting discovery, the case should be in pretrial and trial by mid-November of 1981.

According to the filed affidavit of the court appointed elisor, defendant was served with the summons, complaint and several motions on September 22, 1981.

The only other action taken by plaintiff as reflected in the record, is the notice of taking deposition and production request as to two deponents, scheduling depositions for October 28, 1981.

The only activity reflected in the record by, or on behalf of, the defendant is a notice of appearance of counsel on behalf of defendant filed in this Court on October 13, 1981.

Thus in the four months since this suit was filed with an accompanying motion for preliminary injunction and appointment of an elisor, plaintiff's only documented activity is the noticing of two depositions. Of note, plaintiff did not seek the entry of default against defendant, for failure to answer or otherwise plead, even though plaintiff was clearly so entitled.

Defendant herein was served with the complaint, summons and other motions on September 22, 1981. Twenty-one days later, counsel for defendant filed a notice of appearance. Rule 12(a) of the Fed.R.Civ.P. clearly states that the defendant shall serve his answer twenty days after service of the summons and complaint upon him. Defendant did not seek an extension of time in which to answer the complaint nor did the defendant file any motions that would toll the time in which an answer must be filed. Defendant has been in possession of the summons and complaint for sixteen weeks without filing any pleading nor seeking any relief from the requirement that such pleadings be filed.

Based on the foregoing facts and reasons, the Court sua sponte does:

ORDER and ADJUDGE that a judgment by default be entered against the defendant Classic Motor Carriages, Inc. and in favor of plaintiff Dr. Ing. H.C.F. Porsche AG.

Further, the Court hereby Orders that:

1. The defendant and all persons acting in concert or participation with defendant be permanently enjoined from:

(a) Selling or offering for sale, leasing or offering to lease or displaying any automobile, including but not limited to replicas of the Porsche Speedster automobile, which bears the Plaintiff's registered trademarks "Porsche" or the Porsche Shield Insignia thereupon, or any colorable imitation of such marks, other than a genuine Porsche automobile manufactured by Plaintiff.

(b) Selling or offering for sale any automobile trim, accessory, component, equipment or any other product bearing the Plaintiff's registered trademarks "Porsche" or the Porsche Shield Insignia.

(c) Using the Plaintiff's registered trademarks "Porsche" and the Porsche Shield Insignia in or in connection with Plaintiff's advertising or in any other connection with Defendant's business, including any uses in printed materials or in photographs, posters, or other pictorial displays, except that the word "Porsche" may be used to inform the public that the automobiles sold by Defendant are replicas of automobiles manufactured and sold by Plaintiff, as in the phrase: "We sell replicas of the Porsche Speedster," provided that language preceding and following the word "Porsche" must be in characters equal to and identical in size, type face, color, mounting, spacing, illumination, decoration, material and format, to those used in the word "Porsche."

2. Plaintiff shall receive its actual damages and profits, if any, received by defendant as a consequence of its wrongful act.

3. The only issue remaining to be determined is the amount of the plaintiff's actual damages and the profits received by defendant.

Plaintiff shall file an affidavit of damages ten (10) days from the date of this Order.

Defendant shall file an accounting of profits, if any, ten (10) days from the date of this Order.

4. Judgment shall be entered accordingly.